

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*The Nemours Building*          (302) 573-6277
*1007 Orange Street, Suite 700*  *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

September 15, 2006

**VIA HAND DELIVERY**

Honorable Mary Pat Thynge
844 N. King Street
Wilmington, DE 19801

RE:   U.S. v. Gerri Knotts
      Cr.A.No. 06-102M

Dear Judge Thynge:

    The defendant has advised the government of her desire to plead guilty pursuant to the enclosed unexecuted plea agreement. I write to request that the Court schedule a guilty plea hearing. Thank you for your consideration.

                      Respectfully,

                      COLM F. CONNOLLY
                      United States Attorney

              By: _____
                      David L. Hall
                      Assistant United States Attorney

DLH/jb
cc:   Penny Marshall, Esquire

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Cr. A. No. 06- |
| : | |
| GERRI NICHELLE KNOTTS : | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and David L. Hall, Assistant United States Attorney, and Penny Marshall, Esq., attorney for the defendant, Gerri Nichelle Knotts, the following agreement is hereby entered into by the respective parties:

1.  The defendant agrees to plead guilty to Count I of a one count Misdemeanor Information charging her with theft of government property, in violation of Title 18, United States Code, Section 641.

2.  The maximum penalty is one year imprisonment, one year supervised release, a $100,000 fine, restitution, and a $25 mandatory special assessment.

3.  The defendant understands that if she were to proceed to trial on Count I of the Misdemeanor Information, charging a violation of Title 18, United States Code, Sections 641, the government would have to prove each of the following elements of the offense beyond a reasonable doubt: (1) the defendant knowingly and willfully, (2) embezzled, stole, purloined, and converted to her own use, (3) a record, voucher, money, or thing of value, (4) of the United States or any department or agency thereof.

4.  The defendant knowingly, voluntarily, and intelligently admits that from February 2001 to March 2004, in the State and District of Delaware, she stole a total of $2,952.10 in funds

of the Social Security Administration, an agency of the United States government, by falsely reporting Social Security Administration benefit checks as lost or stolen and then negotiating both the original checks and the replacement checks.

5. Based on the defendant's actions to date, the United States agrees that the Court should grant a two-level reduction in the base offense level for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States so agrees because the defendant has timely notified the authorities of her intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Should the defendant perform any act inconsistent with affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1 subsequent to the entry of the guilty plea, the government reserves the right to modify its position on this issue.

6. The defendant agrees to pay a $25 special assessment at the time of sentencing. The defendant agrees to make full restitution to the Social Security Administration in the amount of $2,952.10.

7. If the Court orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in

this Memorandum of Plea Agreement, or if the defendant does not receive the benefits she expects from any such stipulation or recommendation, the defendant may not withdraw her guilty plea. The parties stipulate and agree that, pursuant to Sentencing Guidelines Section 2B1.1(b)(1), the base offense level for Count I is 6.

9. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. §3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____   BY:   _____
Penny Marshall, Esq.                       David L. Hall
Attorney for Defendant                     Assistant United States Attorney

_____         Dated:
Gerri Nichelle Knotts
Defendant

**AND NOW** this \_\_\_\_\_ day of _____, 2006, the foregoing

Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
Honorable Mary Pat Thynge
United States District Court
District of Delaware